**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Haneef Shakeel Jackson-Bey,<br><br>   Petitioner,<br><br>vs.<br><br>Barbara Von Blanckensee, Warden,<br><br>   Respondent. | No. CV 20-0095-TUC-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

  Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on March 5, 2020. (Doc. 1) The petitioner, Haneef Shakeel Jackson-Bey, argues that the Bureau of Prisons (BOP) improperly denied him 15 months of sentencing credit for the period from July 24, 2009 to September 15, 2010. *Id.*

  The respondent filed an answer opposing the petition on July 6, 2020. (Doc. 15) Jackson-Bey filed a reply on July 31, 2020. (Doc. 20)

  Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for a Report and Recommendation. The petition should be denied on the merits.

Summary of the Case

  On July 6, 2009, an arrest warrant for Jackson-Bey was issued by the U.S. District Court for the Northern District of Indiana. (Doc. 15-2, p. 6) At the time, Jackson-Bey was incarcerated in the Porter County Jail. (Doc. 15-2, p. 8)

  On July 22, 2009, Jackson-Bey was transported to the U.S. District Court from the Porter County Jail on a writ of habeas corpus ad prosequendum. (Doc. 15-2, pp. 8-10) He was

1  transported back to Porter County Jail on July 24, 2009. *Id.* On October 30, 2009, Jackson-Bey
2  was again transported to the U.S. District Court on a writ of habeas corpus ad prosequendum,
3  this time from the Lake County Jail. (Doc. 15-2, pp. 17- 18)

4  Jackson-Bey asserts that he was previously arrested by state authorities on October 2,
5  2008 and sentenced by the superior court in December of 2009 for unrelated state offenses, but
6  he provides no documentation to support his assertions. (Doc. 20, p. 4)

7  On September 8, 2010, Jackson-Bey pleaded guilty in U.S. District Court to one count
8  of Sex Trafficking and Aiding and Abetting and was sentenced to 180 months' imprisonment
9  and five years supervised release. (Doc. 15-2, pp. 20-22) The court ordered that the sentence
10 would run consecutively to the term of imprisonment ordered in two Indiana state court cases.
11 (Doc. 15-2, p. 21) Jackson-Bey was returned to Lake County on October 15, 2010. (Doc. 15-2,
12 pp. 17- 18)

13 On January 13, 2014, the U.S. Marshal took custody of Jackson-Bey so he could begin
14 serving his federal sentence. (Doc. 15-1, p. 3)

15 On March 5, 2020, Jackson-Bey filed the pending petition for writ of habeas corpus
16 pursuant to 28 U.S.C. § 2241. (Doc. 1) He argues that the Bureau of Prisons (BOP) improperly
17 denied him 15 months of sentencing credit for the period from July 24, 2009 to September 15,
18 2010. *Id.* Jackson-Bey asserts that he raised this issue before the Designation and Sentence
19 Computation Center in March of 2019, but in April of 2019, he was informed by Case Manager
20 Amanda Stangil that his sentence would not be amended. (Doc. 1, p. 2); (Doc. 20, p. 7) He
21 maintains that Stangil told him that "based on the position that the BOP's sentencing
22 computation took that it was then in the petitioner's best and rightful interest to take action in
23 the Local District Court by way of a 28 U.S.C. § 2241 petition." (Doc. 20, p. 7)

24 On July 6, 2020, the respondent filed an answer to the petition. (Doc. 15) She argues
25 that the petition should be dismissed for failure to exhaust administrative remedies. *Id.* In the
26 alternative, she argues that the petition should be denied on the merits. *Id.*

27 The court finds that the petition should be denied on the merits. The court does not reach
28 the respondent's alternate arguments.

Discussion

A federal sentence is calculated pursuant to 18 U.S.C. §3585, which reads in pertinent part as follows:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585(a, b). Jackson-Bey agrees that his federal sentence commenced on January 13, 2014, when the U.S. Marshal took custody of Jackson-Bey after completion of his state sentences. (Doc. 15-1, p. 3); (Doc. 20, p. 4)

Jackson-Bey argues that the BOP improperly denied him 15 months of sentencing credit for the period from July 24, 2009 to September 15, 2010. (Doc. 1) These dates roughly correspond to the date Jackson-Bey was first transported to U.S. District Court pursuant to a writ of habeas corpus ad prosequendum and the date he was transported back to the state after he pleaded guilty and was sentenced. The dates bracket his federal prosecution. The court finds that Jackson-Bey is not entitled to pre-sentence credit because he was not in federal custody during this time. He was still in state custody.

"The Ninth Circuit has held that a prisoner transferred per a writ of habeas corpus ad prosequendum is considered to be on loan to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *United States v. Beltran*, 2016 WL 769410, at *2 (D. Ariz. 2016) (punctuation and capitalization modified) (citing *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991)), report and recommendation adopted sub nom. *Beltran v. USA*, 2016 WL 758312 (D. Ariz. 2016). Jackson-Bey, therefore, was not in federal custody between July of 2009 and September of 2010. He was still a state prisoner and is not

entitled to federal sentencing credit for this period of time. *See Id.*; *see also United States v. Graham*, 538 F.2d 261, 265 (9th Cir. 1976) ("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence.").

Jackson-Bey asserts that "Judge Judy Lozano also stipulated in his federal imposition that I be given credit for time served in federal custody (jail credit) which was from July 2009 until September 2010 – 15 months." (Doc. 1, p. 4)  In fact, Judge Lozano's sentence reads as follows: "The Court makes the following recommendations to the Bureau of Prisons: . . . Defendant be given credit for time served (in federal custody only)."

The sentencing judge did not *order* that Jackson-Bey be given credit, she only "recommended" that Jackson-Bey be given credit. She did this presumably because she knew that sentencing calculations fall under the purview of the Bureau of Prisons (BOP), not the sentencing court. *See Vaughn v. Smith*, 2012 WL 996542, at *2 (D. Ariz. 2012) ("At sentencing, the district court cannot determine the precise amount of credit a federal offender should receive, and it is up to the BOP to administer the offender's sentence and make the appropriate calculations."). Moreover, Lozano recommended that Jackson-Bey receive credit only for time served *in federal custody* in accordance with § 3585. She did not make a ruling as to when Jackson-Bey was in federal custody and when he was not. This court's ruling is not contrary to the sentencing court's recommendation.

Jackson-Bey argues that when he was in Porter County Jail he was actually in federal custody because he was detained in the "Federal Housing Pods." (Doc. 20, p. 3) This court, however, has found no case law supporting the theory that confinement in that portion of a state detention center designated as a "federal holding facility" counts as federal custody for the purposes of § 3585. *See Robinson v. Owens*, 2008 WL 783782, at *3 (D.S.C. 2008) (rejecting this argument), aff'd, 293 F. App'x 232 (4th Cir. 2008); *see also Thomas v. Brewer*, 923 F.2d 1361, 1369 (9th Cir. 1991) (Prisoner held in "federal wing of the Los Angeles County Jail" was not in federal custody for the purposes of § 3585.).

Jackson-Bey further argues that, contrary to the respondent's assertion, he did not receive state sentencing credit during the period he was subject to federal prosecution. He does not

provide any documents to prove this, but even if it were true, he still is not entitled to credit on his federal sentence. Credit is only available for time spent in federal custody. And Jackson-Bey was not in federal custody for the purposes of § 3585 prior to January 13, 2014 when the U.S. Marshal took custody of Jackson-Bey so he could begin serving his federal sentence. (Doc. 15-1, p. 3). He was in state custody. *See Meraz-Anguiano v. Holencik*, 2009 WL 1111191, at *3 (C.D. Cal. 2009) ("Since the time Petitioner spent in federal custody during the pendency of his federal case was pursuant to the writs of habeas corpus ad prosequendum, that time may only be credited towards his state sentence, not his federal sentence."); s*ee also McRae v. Rios*, 2013 WL 1758770, at *5 (E.D. Cal. 2013) (The time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum was not credited to the petitioner's federal sentence because the time spent was not "a result of the offense for which the federal sentence was imposed," pursuant to § 3585(b)(1).).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition for writ of habeas corpus filed on March 5, 2020. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the express permission of the District Court.

DATED this 1st day of September, 2020.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge